# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA D. NEWTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-469-SPS |

## OPINION AND ORDER

The claimant Pamela D. Newton requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step One requires the claimant to establish that she is not engaged in substantial gainful activity. Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born October 30, 1958, and was fifty-five years old at the time of the administrative hearing (Tr. 80, 291). She completed four or more years of college, and has worked as a graphic artist, office manager, department manager, and PDX operator (Tr. 26, 162). The claimant alleges that she has been unable to work since February 25, 2011, due to a back injury (Tr. 162).

## Procedural History

On March 30, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85.[2] Her applications were denied. ALJ James Bentley conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated February 27, 2014 (Tr. 15-27). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, she could lift

---

[2] The claimant also applied for disabled widow's benefits under Title II on this date (Tr. 15-16).

20 pounds occasionally and 10 pounds frequently and stand/walk/sit for 6 hours in an 8-hour workday, but that she required a sit/stand option, defined as a temporary change in position from sitting to standing and vice versa, with no more than one change in position every half hour and without leaving the work space. Additionally, he determined that she could tolerate no more than occasional contact with co-workers, supervisors, and the general public (Tr. 20). The ALJ then concluded that the claimant could return to her past relevant work as a graphic artist, a sedentary, skilled job, because it was not precluded by her RFC (Tr. 26).

## Review

The claimant contends that the ALJ erred by: (i) failing to perform a proper credibility analysis, and (ii) failing to properly determine that she could return to her past relevant work. The Court agrees with the claimant's second contention.

The ALJ determined that the claimant had the severe impairments of obesity, lumbar and cervical disc disease with back and neck pain, depression, anxiety, and panic attacks (Tr. 18). At the administrative hearing, the claimant testified that she quit her job doing contract work for a newspaper because she believed the office was not handicap accessible because she had to climb stairs, which was overwhelming for her (Tr. 298-299). In response to questions from the ALJ, the vocational expert ("VE") testified that the claimant's past relevant work as a graphic artist was classified as skilled sedentary work (Tr. 313). The ALJ asked the claimant where she learned to do that job, and she stated that she "had a little bit of computer skills and then I was trained at the newspaper office" (Tr. 314). The ALJ then proposed a hypothetical that matched his eventual RFC

assessment, and the VE stated that with such an RFC, a person would be able to perform the claimant's past relevant work as a graphic artist (Tr. 315). In his written opinion, the ALJ determined the claimant's RFC as described above, then found she was capable of performing her past relevant work as a graphic artist (Tr. 26).

Here, the claimant contends that the ALJ failed to properly account for the demands of her past relevant work at phase two of the step four evaluation process, and thus that his conclusion that she could perform her past relevant work was not properly supported by evidence. Step four has three distinct phases. The ALJ must (i) establish the claimant's RFC, then (ii) determine the demands of her past relevant work (both physical and mental), and (iii) ultimately decide if her RFC enables her to meet those demands. *See, e. g., Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ must specify his factual findings at each phase, *see id.* at 1023, and although the ALJ may *rely on* information provided by a VE, "the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform h[er] past relevant work." *Id.* at 1025. *See Henrie v. U.S. Department of Health and Human Services*, 13 F.3d 359, 361 (10th Cir. 1993) ("We recognize the tension created when the mandate of [Soc. Sec. Rul. 82-62] is transposed on claimant's step four burden of proof. In this regard, we emphasize that it is not the ALJ's duty to be the claimant's advocate. Rather, the duty is one of inquiry and factual development.") [citation omitted], *citing* Soc. Sec. Rul. 82-62 (1983).

With regard to phase two, the Court finds the ALJ's questioning of the claimant at the administrative hearing and the VE's testimony about the exertional and skill levels of

the jobs was insufficient to establish the physical and mental demands of her past work (Tr. 313-314). The ALJ asked the VE to list the claimant's past work, and the VE characterized the claimant's past work as a graphic artist (Tr. 313). Thus, the ALJ was wholly without evidence as to the physical and mental demands of the claimant's past relevant work, either as she actually performed it or as it is customarily performed in the national economy. *See, e. g.*, *Westbrook v. Massanari*, 26 Fed. Appx. 897, 903 (10th Cir. 2002) (finding that remand under *Winfrey* is appropriate only when the record is "devoid of even any mention of the demands of past relevant work[.]") [citation omitted] [unpublished opinion]. *See also Frantz v. Astrue*, 509 F.3d 1299, 1304 (10th Cir. 2007) ("The ALJ's conclusory statement that '[t]he exertional and non-exertional requirements of this job are consistent with the claimant's [RFC]' is insufficient under *Winfrey* to discharge his duty to make findings regarding the mental demands of Ms. Frantz's past relevant work. . . . Here, there was no VE Testimony and no evidence of any kind, to establish the mental demands of [Ms.] Frantz's past relevant work and thus no evidence to support a finding that Ms. Frantz retains the mental RFC to work as a general clerk.").

The Commissioner asserts that there was sufficient evidence in the record for the ALJ to find that the claimant could perform her past relevant work, including a work report, the Plaintiff's testimony, and the VE's testimony. In support, she cites *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003) for a finding that there was no error. *Id.* at 761 ("The ALJ did not delegate the analysis to the vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of the analysis."). The Court disagrees. The ALJ "failed to develop the record with 'factual

information' regarding the actual work demands of [the claimant's] PRW." *Sissom v. Colvin*, 512 Fed. Appx. 762, 769-770 (10th Cir. 2013) (further finding error at phase three that the ALJ also "erroneously delegated his fact-finding responsibilities to the VE."). *See also Frantz*, 509 F.3d at 1304 ("This case is unlike [*Doyal*], where the ALJ quoted the VE's testimony approvingly in support of his own findings at steps two and three of the analysis. Here, there was no VE testimony, and no evidence of any kind, to establish the mental demands of Ms. Frantz's past relevant work and thus no evidence to support a finding that Ms. Frantz retains the mental RFC to work as a general clerk."). While the ALJ's findings might have been an appropriate analysis at step five, it is wholly inadequate to satisfy the burden imposed by the Commissioner's regulations at step four. *See, e. g., Winfrey,* 92 F.3d at 1025 ("At step five of the sequential analysis, an ALJ may relate the claimant's impairments to a VE and then ask the VE whether, in his opinion, there are any jobs in the national economy that the claimant can perform. This approach, which requires the VE to make his own evaluation of the mental and physical demands of various jobs and of the claimant's ability to meet those demands despite the enumerated limitations, is acceptable at step five because the scope of potential jobs is so broad. At step four, however, the scope of jobs is limited to those that qualify as the claimant's past relevant work. Therefore, it is feasible at this step for the ALJ to make specific findings about the mental and physical demands of the jobs at issue and to evaluate the claimant's ability to meet those demands. Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review.").

The ALJ thus failed to make the required phase two findings, which therefore also compromised his phase three findings as well. *See Ricker v. Colvin*, 2014 WL 3778840, at *4 (W.D. Okla. July 31, 2014) ("And, as in *Sissom*, the ALJ's inadequate findings at phase two 'naturally compromised' his phase three findings."), *quoting Sissom*, 512 Fed. Appx. at 769. "When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review." *Winfrey v. Chater*, 92 F.3d at 1025. Because the ALJ failed to conduct a proper step four analysis of the claimant's ability to perform her past relevant work, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings. On remand, the ALJ should make phase two findings as to the claimant's past relevant work and determine whether she can perform that work (or any other work) based on her RFC, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 24th day of March, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**