# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA D. NEWTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-469-SPS |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks a total of attorney's fees in the amount of $5,263.00, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act [Docket No. 23]. The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees under the EAJA as the prevailing party herein.

On appeal, the Plaintiff asserted two arguments, including an argument that the ALJ erred at step four in finding the Plaintiff could perform her past relevant work. This Court reversed, finding that the ALJ *did fail* to perform the properly analysis at step four. *See* Docket No. 21. The Commissioner's response to the Plaintiff's present EAJA fees

motion asserts that her position on appeal was substantially justified because "reasonable minds could differ" as to whether the ALJ performed the proper analysis, and essentially restates the arguments contained in her Response Brief. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). "The test for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness." *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988). In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at 1258. In this case, the Court found that the ALJ failed to properly inquire as to the demands of the Plaintiff's past relevant work and failed to make the requisite factual findings, which resulted in an

improper delegation of his fact-finding responsibilities. The Commissioner argues that "reasonable minds" could differ as to this Court's reliance on an unpublished Tenth Circuit opinion, *Sissom v. Colvin*, 512 Fed. Appx. 762, 769-770 (10th Cir. 2013), but the Plaintiff correctly notes that this Court did not rely on *Sissom* but rather favorably cited it as correctly applying Tenth Circuit precedent under *Frantz v. Astrue*, 509 F.3d 1299, 1304 (10th Cir. 2007), and *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996), *as applied to the facts of this case*. Inasmuch as it was the ALJ's obligation to provide a reasonable basis at the administrative level, it is difficult to see how anything said on appeal could justify the ALJ's failures at that level in this case. *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991).

The Court therefore concludes that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not

substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position."). The Commissioner cites a Sixth Circuit case for the proposition that "in the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified." *DeLong v. Commissioner of Social Security Administration*, 748 F.3d 723, 728 (6th Cir. 2014). Even aside from the purely persuasive authority and dicta from which this citation arrives, the Court notes that further scrutiny even in that Circuit has resulted in disavowing this statement: "In reality, both published and unpublished case law strongly supports a contrary inference that in the vast majority of social security cases, EAJA fees are awarded whenever a plaintiff wins remand." *Stacy v. Commissioner of Social Security*, 2016 WL 3079130, at *4 (S.D. Ohio May 5, 2016), *citing Glenn v. Commissioner of Social Security*, 763 F.3d 494 (6th Cir. 2014).

Accordingly, IT IS ORDERED that the Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act [Docket No. 23] in the amount of $5,263.00 is hereby GRANTED and that the Government is hereby ordered to pay attorney's fees to the Plaintiff as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 27th day of July, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma