# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA D. NEWTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-469-SPS |

## OPINION AND ORDER AWARDING SUPPLEMENTAL ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act, and was awarded attorneys' fees under the EAJA in the amount of $5,263.00. *See* Docket No. 27. She now seeks a supplemental award of $551.00. *See* Plaintiff's Supplemental Motion for Additional Attorneys' Fees under the Equal Access to Justice Act ("EAJA") [Docket No. 28]. The Commissioner does not object to the fee request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested supplemental fees under the EAJA as the prevailing party herein.

Upon review of the record herein, the Court finds that said amount is reasonable and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and

other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Supplemental Motion for Additional Attorneys' Fees under the Equal Access to Justice Act ("EAJA") [Docket No. 24] is hereby GRANTED and that the Government is hereby ordered to pay supplemental attorney's fees in the amount of $551.00 to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 19th day of August, 2016.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma